IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-029 |
| | * | |
| OLIVIA TOY ECHOLS | * | |

**O R D E R**

Presently before the Court is Defendant Olivia Toy Echols' motion for a sentence modification.

Defendant was arrested by law enforcement in Columbia County, Georgia, in January 2018 on charges that would result in the instant federal case. On March 7, 2019, Defendant was indicted in this case for conspiracy to possess with intent to distribute and to distribute methamphetamine and for possession with intent to distribute methamphetamine. Pursuant to a plea agreement, Defendant pled guilty to the possession charge.

On February 25, 2020, Defendant was sentenced to serve 108 months imprisonment to be served concurrently with the revoked parole term in state court, specifically Gwinnett County Superior Court Docket Number 11-B-06145-8. (Judgment & Commitment Order, Doc. 76, at 2.) The Judgment and Commitment Order further provides a "recommendation" that Defendant be given credit toward the

imposed federal sentence for all time served in custody since January 12, 2018. (Id. at 2.) Notably, the state charges arising out of Defendant's January 2018 arrest were "dead-docketed" on April 23, 2019; thus, Defendant will not be sentenced to a term of imprisonment on the related state charges.

Through the instant motion, Defendant complains that the Bureau of Prisons ("BOP") has not counted the time she served from January 12, 2018 to sentencing (25 months) toward her federal sentence. Defendant seeks a modification of the Judgment and Commitment Order to remove the word "recommend" and to command that she be given credit for this time served.

The Court does not have authority to modify the Judgment and Commitment Order as requested[1] but will reiterate its intention that 1) Defendant's sentence run concurrent to her state term of imprisonment imposed as a result of her parole revocation; and 2) Defendant be given credit toward her federal sentence for time served in state custody related to the Columbia County arrest. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward

---

[1] The Court has no authority outside of the three enumerated exceptions in 18 U.S.C. § 3582 to modify a sentence once it has been imposed. Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances not present here. 18 U.S.C. § 3582(c)(1)(A). The second exception references Rule 35 of the Federal Rules of Criminal Procedure, which allows modification upon motion from the Government for substantial assistance or to correct a computational error within fourteen days of sentencing. 18 U.S.C. § 3582(c)(1)(B). Finally, under the third exception a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant has not argued let alone established that she is entitled to relief under any of these three exceptions.

2

the service of a term of imprisonment for any time [s]he spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.").

"Authority to calculate credit for time served under [18 U.S.C. §] 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) (cited source omitted). To the extent that a federal prisoner is dissatisfied with the BOP's computation of sentence, she must pursue the administrative remedy available through the federal prison before seeking judicial review. United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (quoted source omitted). Thereafter, the federal prisoner may file a petition pursuant to 28 U.S.C. § 2241 in the district of her confinement. Id. Thus, Defendant's remedy here is to exhaust her administrative remedies, and if still dissatisfied, she must file a § 2241 petition in the Southern District of West Virginia, which has territorial jurisdiction over the facility in which she is presently incarcerated.

Upon the foregoing, the Government's motion to dismiss Defendant Echols' motion (doc. 85) is **GRANTED**. The Clerk is

directed to **TERMINATE** the Defendant Echols' motion for a sentence modification (doc. 84).

**ORDER ENTERED** at Augusta, Georgia, this 6th day of October, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA